**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE F. CLAYTON | ) | CASE NO: 1:10-cv-1191 |
| | ) | |
| Plaintiff, | ) | JUDGE LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| MAGGIE BRADSHAW, Warden, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the Magistrate Judge pursuant to Local Rule 72.2. Petitioner, George F. Clayton, ("Clayton"), challenges the constitutionality of his conviction in the case of *State v. Clayton*, Case No. CR-75-022905-C (Cuyahoga County 1975). Clayton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 27, 2010 in the United States District Court for the Northern District of Ohio. For the reasons set forth below, Clayton's petition should be DENIED.

I

The state appellate court hearing Clayton's appeal of his resentencing in response to his second petition for post-conviction relief found the following facts to be relevant to his case:

> [O]n December 15, 1975, defendant and several co-defendants were indicted for aggravated murder of a law-enforcement officer during an aggravated robbery, ten counts of aggravated robbery, and ten counts of kidnapping. See *State v.*

*Clayton* (Aug. 31, 1978), Cuyahoga App. No. 37472, 1978 WL 218043.  These charges arose from the November 10, 1975 armed robbery at the Blonder Company, in which Bedford Heights Detective Sergeant William Prochazka was killed and patrons of the store were robbed at gunpoint.  Following a jury trial, defendant was convicted of aggravated murder and seven of the ten aggravated-robbery charges, and acquitted of the remaining charges.  On June 30, 1976, defendant was sentenced to death for the aggravated-murder conviction and seven consecutive terms of seven to 25 years of imprisonment for the aggravated-robbery convictions.

{¶ 3} On direct appeal, this court modified the convictions by vacating the sentence of death and commuting the penalty to life imprisonment.  As so modified, this court affirmed the convictions.  This court stated:

> {¶ 4} "The Supreme Court of the United States recently held that the quoted portion of the Ohio statute is unconstitutional because it:
>
> {¶ 5} 'does not permit the type of individualized consideration of mitigating factors * * * required by the Eighth and Fourteenth Amendments in capital cases.' *Lockett v. Ohio* (1978), [438] U.S. [586, 587], [98 S.Ct. 2954,] [57] L.Ed.2d [973], * * *.
>
> {¶ 6} "Thus, the appellant was sentenced to death under the aegis of a procedure which offends the constitution.  Therefore, the sentence of death must be vacated.
>
> {¶ 7} " * * *
>
> {¶ 8} "The defendant's sentence of death is vacated, the sentence commuted to life imprisonment, and the case remanded to the trial court for reference to the appropriate institution for confinement."

{¶ 9} See *State v. Clayton* (Aug. 31, 1978), Cuyahoga App. No. 37472, 1978 WL 218043, *2.FN1

FN1. The death sentence of codefendant Michael Manns was also reduced to a term of life imprisonment by this court.  See *State v. Manns* (Mar. 8, 1979), Cuyahoga App. No. 38526, 1979 WL 210029.

{¶ 10} On October 26, 1978, the trial court issued a journal entry vacating defendant's death sentence, imposing a term of life imprisonment, and designating the penal institution at which defendant was to serve his sentence.  The record further reflects that in February 1979, defendant filed a petition to vacate his conviction and sentence pursuant to R.C. 2953.21.  The petition was dismissed in March 1979.  On May 24, 2007, defendant filed a second petition for

postconviction relief pursuant to R.C. 2953.21, complaining that following the United States Supreme Court's decision in *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973, "without any notice to Defendant or Defendant being afforded a sentencing hearing, in open court and being present, the Court vacated Defendant Clayton's sentence of death and imposed a sentence of 'Life Imprisonment at the Columbus Correctional Facility.' " He further maintained that the court did not follow the mandate of R.C. 2929.06, which, he maintained, restricts the trial court's resentencing options to sentences of life imprisonment with parole eligibility after serving 20 full years of imprisonment or life imprisonment with parole eligibility after serving 30 full years of imprisonment.

{¶ 11} The matter proceeded to a hearing on September 20, 2007. Thereafter, the trial court issued an opinion in which it held, in connection with the October 26, 1978 entry, that defendant was resentenced in violation of R.C. 2929.06 and Crim.R. 43 because he was not present before the trial court on that date. The trial court then resentenced defendant to a term of life imprisonment without the possibility of parole, plus consecutive terms of seven to 25 years' imprisonment, for the aggravated-robbery convictions. Defendant now appeals and assigns two errors for our review.

*State v. Clayton*, 179 Ohio App. 3d 55, 56-57, 900 N.E.2d 685, 686-87 (2008).

In his appeal of his resentencing, Clayton argued that the trial court lacked jurisdiction to impose a life sentence on him in 1978 after vacating his death sentence. According to Clayton, there was no statutory authority under Ohio law to support such a sentence. He also argued that the state must dismiss his murder conviction because he could not be resentenced for that crime years later without violating his right to a speedy trial. On September 20, 2007, the trial court conducted a sentencing hearing. It subsequently issued an opinion holding that Clayton had been resentenced in violation of Ohio Rev. Code § 2929.06 and Ohio Crim. R. 43 because he had not been present in the trial court when was he was resentenced. On December 3, 2007, the trial court re-sentenced Clayton to life imprisonment without the possibility of parole on the murder conviction and to consecutive terms of 7 to 25 years on the aggravated robbery convictions.

Clayton appealed his resentencing. In his brief in support of his appeal, Clayton asserted two assignments of error:

> Assignment of Error No. I: The trial court lacked jurisdiction to resentence appellant for aggravated murder.
>
> Assignment of Error No. II: The trial court erred by imposing an illegal sentence upon appellant.

On October 23, 2008, the state appellate court found that Clayton was appealing a resentencing in response to a successive post-conviction petition, as defined by Ohio Rev. Code § 2953.23. The state appellate court also found that because Clayton had failed to satisfy or even address the prerequisites for permitting a court to consider a successive petition, the trial court was not permitted to entertain that petition. The appellate court, therefore, vacated the trial court's resentencing.

Clayton appealed the state appellate court's decision to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Clayton asserted a single proposition of law:

> A trial court loses jurisdiction to re-sentence a defendant where: (1) the defendant was sentence to death in 1976, (2) in 1978, upon the invalidation of the death penalty in Ohio, the defendant was re-sentenced to life imprisonment via a judgment entry, *nunc pro tunc*, (3) defendant was not present at a re-sentencing hearing in 1978, (4) defendant filed a motion to dismiss the Aggravated Murder sentence in 2007, (5) the extreme delay cannot be attributed to any actions by the defendant, and (6) the defendant suffers prejudice as a result of the delay.

On April 9, 2009, the Ohio Supreme court denied Clayton leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Clayton filed in this court a petition for writ of habeas corpus on March 11, 2010. He raises two grounds for relief:

> **GROUND ONE**: Petitioner's right to Due Process of Law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, have been violated, as Petitioner has served and is serving a sentence that is void *ab initio* as a sentence that was not provided by law at the time of Petitioner's offense.
>
> **GROUND TWO**: While Petitioner's sentence is illegal, as set forth in Ground One, the state trial court lacks jurisdiction to resentence the Petitioner, as the unreasonable delay between the imposition of the illegal sentence and any resentencing would violate Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Petitioner's conviction for aggravated murder must, therefore, be dismissed.

Respondent filed an Answer/Return of Writ on August 9, 2010. Doc. No. 5. Thus, the petition is ready for decision.

II

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Clayton. Clayton filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Cuyahoga County is within this court's geographic jurisdiction. Thus, this court has jurisdiction over Clayton's petition.

*B. Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in

-5-

state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. Both Clayton's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.   *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of

-6-

> government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Clayton has no state remedies available for her claim. Because no state remedies remain available to him, Clayton has exhausted state remedies.

D. *Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court her claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982).

If the state argues that a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed

defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Respondent argues that Clayton has defaulted both his grounds for relief. According to respondent, to the extent that Clayton's claims were raised in any state court, they were raised in his second petition for post-conviction relief in 2007. The state appellate court found that Clayton had failed to satisfy the prerequisites for allowing a trial court to consider a second petition. Consequently, the appellate court found that the trial court was procedurally barred from considering Clayton's second petition.

The Sixth Circuit has found that the requirements at Ohio Rev. Code § 2953.23 which must be satisfied before a court may consider a successive petition for post-conviction relief are an adequate and independent state procedural rule sufficient to bar habeas relief. *Davie v. Mitchell,* 547 F.3d 297, 311 (6th Cir. 2009). Because Ohio has a procedural rule applicable to Clayton's claims, the rule was enforced by the courts

addressing Clayton's claims, and the rule is an adequate and independent ground sufficient to bar habeas relief, Clayton has procedurally defaulted his claims.

Clayton does not offer any argument to demonstrate cause and prejudice for his default,[1] nor does he argue that enforcing the default would result in a fundamental miscarriage of justice. The court may not, therefore, excuse Clayton's procedural default. For these reasons, Clayton's petition should be dismissed as procedurally defaulted.

IV.

For the reasons given above, Clayton's petition for habeas relief should be DENIED.

Date: July 28, 2011                    s/ *Nancy A. Vecchiarelli*
                                       United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**

---

[1] As respondent notes, during his resentencing hearing in 2007, Clayton was unable to explain satisfactorily why he waited so long to assert the claims raised in his second petition for post-conviction relief. *See* Transcript of Proceedings, September 20, 2007, Return of Writ, unnumbered exhibit, pp. 18-19.