UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE F. CLAYTON, | ) | CASE NO.  1:10-cv-01191 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| MAGGIE BRADSHAW, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This action is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Nancy A. Vecchiarelli (Doc. No. 6), to which petitioner George F. Clayton ("petitioner" or "Clayton") has filed objections (Doc. No. 7).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because Petitioner objected only to certain portions of the R&R, the remainder of the R&R, including its account of the factual and procedural history of the case, is hereby accepted as written. Thus, the Court will provide only a brief review of the background facts sufficient to provide context for the asserted objections.

On March 12, 1976, Petitioner George Clayton was convicted of aggravated murder and seven counts of aggravated robbery. (Doc. No. 5–6 at 110.)[1] On June 30, 1976, Clayton was sentenced to death for the aggravated murder conviction and to seven consecutive terms of seven to twenty-five years for the aggravated robbery convictions. (Doc. No. 5–6 at 111.)

---

[1] All references to specific pages in the record refer to the continuous page numbering supplied by the electronic docketing system.

Clayton successfully challenged his death sentence on direct appeal, relying upon the Supreme Court's ruling in *Lockett v. Ohio*, 438 U.S. 586 (1978), that the Ohio death penalty statute was unconstitutional. *State v. Clayton*, No. 37472, 1978 WL 218043, at *2 (Ohio Ct. App. 8th Dist. Aug. 31, 1978). The state appellate court commuted Clayton's death sentence to life in prison and remanded to the state trial court "for reference to the appropriate institution for confinement." *Id.* On remand, the trial court issued a journal entry announcing that "Clayton's sentence of death is vacated and [Clayton] is sentenced to Life Imprisonment at the Columbus Correctional Facility, Columbus, Ohio." (Doc. No. 5–6 at 112.)

In February 1979, Clayton filed his first post-conviction petition, arguing ineffective assistance of counsel. (Doc. No. 5–7 at 250.) His petition was dismissed by the trial court (Doc. No. 5–6 at 113), his appeal to the state appellate court was dismissed as untimely (Doc. No. 5–7 at 300), and the Ohio Supreme Court denied his subsequent appeal (Doc. No. 5–7 at 337).

Clayton brought a second post-conviction petition in May 2007, on the grounds that the state trial court lacked jurisdiction in 1978 to impose a life sentence on remand from Clayton's successful direct appeal. (Doc. No. 5–6 at 114.)[2] The trial court agreed and held a re-sentencing hearing, whereupon Clayton was given a term of life imprisonment without possibility of parole on the murder conviction. (Doc. No. 5–6 at 148.) Clayton appealed, arguing that the trial court lacked jurisdiction to resentence him and that the sentence imposed was illegal. (Doc. No. 5–6 at 154–75.) On November 3, 2008, the state appellate court reversed and

---

[2] Petitioner mentions having filed a petition for modification of sentence on October 15, 1984 (Doc. No. 1 at 17), but this petition does not appear on the state court docket and is not referenced at any point by petitioner in arguing his claims. (Doc. No. 5–7 at 234.)

vacated the trial court's judgment, holding that Clayton's second post-conviction petition was a "successive petition" barred from consideration by § 2953.23 of the Ohio Revised Code. (Doc. No. 1 at 30.)[3] The state appellate court also found that the state trial court's 1978 post-remand journal entry was not a resentencing proceeding, "in light of [the state appellate court's] limited remand to designate the institution of confinement." (Doc. No. 1 at 30.) Clayton appealed this decision to the Ohio Supreme Court (Doc. No. 5–6 at 211–31), but was denied leave to appeal (Doc. No. 5–6 at 232).

On May 27, 2010, petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254, alleging two violations of his constitutional right to due process: first, the trial court's alleged imposition in 1978 of a sentence that was not available by law at the time of his offense; and, second, the delay between the imposition of petitioner's original sentence and either the alleged "resentencing" by the state trial

---

[3] Section 2953.23 forbids a trial court from entertaining a "successive petition for similar relief" unless both of the following apply:

> (1) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent . . . to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and

> (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Ohio Rev. Code § 2953.23(A)(1)(a)–(b).

court in 2007 or any future resentencing.[4] (Petition 16, 19.) Respondent Maggie Bradshaw filed

an answer on August 9, 2010. (Doc. No. 5.) Petitioner did not file a reply.

The case was referred to Magistrate Judge Vecchiarelli for preparation of an

R&R, which she submitted on July 28, 2011 (Doc. No. 6), recommending that Petitioner's

application be denied as procedurally defaulted. Petitioner filed timely objections to the R&R

(Doc. No. 7).

## II. STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District

Court provides: "The judge must determine *de novo* any proposed finding or recommendation to

which objection is made. The judge may accept, reject, or modify any proposed finding or

recommendation."

With respect to challenges to the determinations made by state appellate courts,

this Court's scope of review is quite limited. In 28 U.S.C. § 2254(d), part of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), Congress enacted a rebuttable presumption

that a federal court may not grant habeas relief from a state court conviction if the last state court

adjudicated "on the merits" the same federal law question that is presented to the federal court.

Congress created two additional exceptions to that bar. Specifically, a federal court may grant

habeas relief where the state court adjudication is either "contrary to" or "involved an

unreasonable application of" settled federal law, as decided by the United States Supreme Court.

28 U.S.C. § 2254(d)(1).

---

[4] Confusingly, this alleged violation is referenced in the petition as something that "would violate" petitioner's
constitutional rights if petitioner prevailed in his first argument and had to be resentenced. (Doc. No. 1 at 19.)
However, in "support" of that argument, Petitioner describes the violation as if it had already happened via his 2007
resentencing, a resentencing that was vacated by the state appellate court. (Doc. No. 1 at 19–20.)

4

A federal habeas petition is procedurally defaulted when a petitioner fails to present fairly his or her constitutional claims to the highest state court in a federal constitutional context. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276–77 (1971). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law which were not resolved on the merits in the state proceeding due to [a party]'s failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The exception for a fundamental miscarriage of justice has been explicitly tied to a petitioner's ability to demonstrate actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

### III. ANALYSIS

**A. Petitioner's Objections to the Report and Recommendation**

In her R&R, Magistrate Judge Vecchiarelli noted that the state appellate court found petitioner's second post-conviction petition to be a "successive petition" barred by § 2953.23 of the Ohio Revised Code. She also observed that the Sixth Circuit has recognized § 2953.23 to be an independent and adequate state procedural rule sufficient to bar habeas relief. *Davie v. Mitchell*, 547 F.3d 297, 311 (6th Cir. 2008).

Petitioner's objections to the R&R are disorganized and difficult to separate into discrete assertions.[5] In general, the objections attack the magistrate judge's findings that petitioner's claims are procedurally defaulted and repeat arguments already presented to and examined by the magistrate judge.

*Objection One: The Magistrate Judge Did Not Consider the Traverse Filed by Petitioner*

The Court issued an order on June 11, 2010, in which Petitioner was given 30 days from the filing of respondent's answer to file a traverse. (Doc. No. 3). Counsel for petitioner claims to have filed a traverse (Doc. No. 7 at 380), but the Court has no record of that document's existence. In this district, attorneys are required to file documents with the Court electronically through the Case Management/Electronic Case Files (CM/ECF) system. N.D. Ohio Local Rules Appendix B at 1.[6] "Upon the filing of a document by any party, an e-mail message [is] automatically generated by the electronic filing system and sent via electronic mail to the e-mail addresses of all parties in the case." *Id.* at 6.

More than ten months elapsed between the deadline set by the Court for filing a traverse and the magistrate judge's issuance of her R&R. At no point during that time did counsel for petitioner inform the Court that a document he believed to have been filed in support of his client did not appear on the CM/ECF system. Instead, counsel waited until the filing of objections to the R&R to vaguely speculate that the traverse failed to appear on the docket as a

---

[5] Petitioner's objections also contain wholly misleading descriptions of prior proceedings. According to petitioner, "[t]he appellate court *agreed* [with petitioner] that a sentence of life without the possibility of parole could not be imposed and vacated that sentence. It was the appellate court that then found procedural default—though it also considered the issue on its merits." (Doc. No. 7 at 381) (emphasis added.) In reality, the appellate court vacated petitioner's sentence because Ohio Rev. Code § 2953.23 forbade the trial court from entertaining the petition in the first place (Doc. No. 1 at 30), not because it "agreed" with petitioner that his sentence was forbidden by Ohio law. The appellate court would have vacated the sentence imposed by the trial court regardless of what that sentence actually was.

[6] Court records show that counsel for petitioner registered for the CM/ECF system on July 28, 2004.

result of "some electronic error." (Doc. No. 7 at 380.) Even in the objections, counsel for petitioner did not attempt to establish the filing of the alleged traverse. He did not provide a date on which he supposedly filed the traverse, did not attach to his objections a copy of the document or of the e-mail message generated upon its alleged filing, and did not submit an affidavit attesting to its having been filed.

Because petitioner did not file a traverse within the time provided by the Court's order, and because no attempt was made to rectify any allegedly erroneous attempts to file during the ten plus months between the filing deadline and the magistrate judge's issuance of her R&R, the Court finds that petitioner has waived his right to file a traverse. Petitioner's first objection is overruled.

*Objection Two: Petitioner's 2007 Post-Conviction Petition Is Not Procedurally Defaulted*

Magistrate Judge Vecchiarelli found that petitioner procedurally defaulted on both of his grounds for relief, "[b]ecause Ohio has a procedural rule applicable to Clayton's claims, the rule was enforced by the courts addressing Clayton's claims, and the rule is an adequate and independent ground sufficient to bar habeas relief. . . ." (Doc. No. 6 at 377–78.) She also found that petitioner did not "offer any argument to demonstrate cause and prejudice for his default, nor [did] he argue that enforcing the default would result in a fundamental miscarriage of justice." (Doc. No. 6 at 378.)

Petitioner broadly objects to this finding and attacks it from multiple angles. Although never citing to the ubiquitous "cause and prejudice" rule, petitioner does argue in his objections that (1) the "delay" between his original sentencing and alleged "re-sentencing" is the

7

fault of the State (Doc. No. 7 at 387–88); (2) he was prejudiced by the "delay" (Doc. No. 7 at

388); and (3) there has been a "miscarriage of justice" (Doc. No. 7 at 383).

None of petitioner's contentions, however, are persuasive. He offers no

explanation why his first post-conviction petition, filed in February 1979, did not address the

issues before the Court today, and thus he makes no showing of cause for his procedural default.

Even if he had shown cause, petitioner likewise makes no case that he has been prejudiced by

any of the proceedings. He does not argue that he suffered any consequences as a result of his

allegedly illegal sentence.[7] He also does not make a persuasive argument that the "delay" in

proceedings between his first and second post-conviction petitions can be attributed to anyone

other than himself.[8] Finally, petitioner offers no evidence of actual innocence necessary for the

Court to find a fundamental miscarriage of justice.

Petitioner makes additional arguments that merely restate the merits of his

petition. These arguments were already presented to and examined by the magistrate judge, and

the Court need not consider them. Petitioner's second objection is overruled.

*Objection Three:   Petitioner's 2007 Post-Conviction Petition Was Not Found by the State Court
to Be Procedurally Defaulted*

Petitioner briefly contests that his 2007 post-conviction petition was even denied

for procedural default in the first place. His argument is that it was the state appellate court, not

---

[7] In fact, petitioner offers no evidence to show that he actually had an "illegal" sentence of life without parole. The state appellate court determined that the 1978 judgment entry was not a resentencing, and petitioner's 2007 resentencing was vacated on direct appeal. In his brief to the state appellate court in 2008, petitioner claims that he "could only be sentenced to a term of life imprisonment with parole eligibility after 20 years[.]" (Doc. No. 5–6 at 166.) But respondent attached Ohio Department of Rehabilitation and Correction records to his return that show petitioner to be currently serving exactly that: a life sentence with parole eligibility after 20 years. (Doc. No. 5–7 at 249.) Petitioner has not disputed that he is currently serving the exact sentence for which he asked.
[8] If, as he claims, petitioner indeed filed a post-conviction petition on October 15, 1984, such a petition would itself have been likely dismissed as untimely; regardless, a twenty-two year delay would have been similarly barred under § 2953.23.

the state trial court, that found procedural default, and that the state appellate court also considered his petition on the merits. (Doc. No. 7 at 380.) To the extent petitioner is arguing that a vacated state trial court decision on the merits absolves him of procedural default, even when the state appellate court finds procedural default on direct review,[9] the Court rejects this argument as illogical and borderline frivolous. To the extent petitioner is arguing that the state appellate court ruled on his claims on the merits, the Court disagrees. The state appellate court was clear in holding that petitioner had procedurally defaulted on his claims and that its merits discussion was dicta. After finding procedural default, the court stated, "[w]e therefore hold that the trial court was not permitted to entertain this matter." (Doc. No. 1 at 28.) After discussing the merits, the state appellate court reiterated its holding: "In any event, since the instant challenge was raised in a successive petition which did not meet the requirements of [Ohio Rev. Code §] 2953.23, the trial court erred in entertaining these claims." (Doc. No. 1 at 30.) Moreover, the state appellate court's discussion of the merits in dicta was not a discussion of the merits of petitioner's constitutional claims, but a discussion of petitioner's state law claims.[10] Petitioner's third objection is overruled.

## IV. CONCLUSION

For the foregoing reasons, the R&R of the magistrate judge (Doc. No. 6) is **ACCEPTED** and Clayton's objections (Doc. No. 7) are **OVERRULED**. Clayton's petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED**.

---

[9] (*See* Doc. No. 7 at 384) ("While Petitioner certainly disagrees that there has been any procedural default—as, again, the trial court found none in ruling on the merits of Petitioner's claims . . .").

[10] Even if the state appellate court had indeed adjudicated petitioner's claims on the merits, petitioner has not argued that the ruling was either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

As Clayton has not made a substantial showing of the denial of a constitutional right, this Court certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 5, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

10